UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOHN EUGENE FOLEY, *Plaintiff*, | § § § § | |
| v. | § § § | CIVIL ACTION NO. 7:21-CV-00228 |
| DILLARD'S, INC., *Defendant(s)*. | § § § § | |

## NOTICE OF REMOVAL

Defendant, DILLARD TEXAS SOUTH, LLC (INCORRECTLY NAMED AS DILLARD'S INC.) ("Dillard's"), files this Notice of Removal under 28 U.S.C. §§ 1441, 1446, and 1332, and respectfully shows the Court the following:

### I.
### Introduction

1.1    On March 10, 2021, Plaintiff, JOHN EUGENE FOLEY, filed a personal injury lawsuit against Dillard's in the 398th Judicial District Court of Hidalgo County, Texas, under Cause No. C-0937-21-I ("the State Court Action"). *Plaintiff's Original Petition*, **Ex. 1**. Mr. Foley alleges that as he was walking through the women's clothing department of the Dillard's store, he tripped on clothing racks that were allegedly spaced too close together which created a dangerous condition and caused him to fall. *Id.*, at ¶ 7. As a result, Mr. Foley seeks to recover damages for: past and future physical pain and mental anguish; past and future physical impairment; past and future physical disfigurement; past and future medical expenses; and past and future lost wages and earning capacity. *Id.*, at ¶ 9.

1.2    The State Court Action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court in accordance with 28 U.S.C. § 1441. This

is a civil action in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1.3     Service of Plaintiff's Original Petition on Dillard's was completed on March 16, 2021. *See Service of Process Transmittal*, **Ex. 2**. Dillard's filed its Original Answer in the State Court Action on April 9, 2021. *See Defendant Dillard's, Inc.'s (Correctly Named as Dillard Texas South, LLC) Original Answer*, **Ex. 3**; *State Court Docket Sheet*, **Ex. 4**.

## II.
## The Parties

2.1     Plaintiff, JOHN EUGENE FOLEY, is a Texas citizen who resided in Hidalgo County, Texas at the time of the accident at issue. *Plaintiff's Original Petition*, at ¶ 3, **Ex. 1**.

2.2     Defendant, Dillard's Inc., an incorrectly named party defendant, is a Delaware corporation and its principal place of business is in Little Rock, Arkansas. Dillard's Inc. is not a proper defendant in this lawsuit. Dillard's Inc. avers that Dillard Texas South, LLC ("Dillard's LLC") is the proper defendant. Dillard's LLC is a diverse defendant. For diversity purposes, Dillard Texas South LLC's citizenship is determined by the citizenship of its sole member, Dillard Texas Central, LLC. *See Martin v. Boyd Racing LLC*, 2015 U.S. Dist. LEXIS 21387, *4, 2015 WL 730031 (W.D. La. February 18, 2015). Dillard Texas Central, LLC is also owned by a sole member, Dillard Texas East, LLC. Dillard Texas East, LLC is owned by a sole member, Dillard Texas Four-Point, LLC. Dillard Texas Four-Point, LLC is also owned by a sole member, Dillard Texas, LLC. Dillard Texas, LLC is owned by a sole member, DSS Uniter, LLC. DSS Uniter, LLC is owned by a sole member, Dillard Store Services, Inc. Dillard Store Services, Inc. is an Arizona corporation and has its principal place of business in Arizona. As such, Dillard Texas South LLC will be considered an Arizona citizen for diversity purposes.

## III.

## Procedural Requirements for Removal

3.1    Removal is timely, as this Notice is filed within 30 days of Dillard's receiving Plaintiff's Response to Defendant's Request for Admission after which the case became removable. *See* 28 U.S.C. § 1446(b)(3).

3.2    Written notice of the filing of this Notice of Removal is being given to Mr. Foley and his counsel as required by Texas law. Further, Dillard's is filing a copy of this Notice with the Clerk of the Court for Hidalgo County, Texas where Mr. Foley's cause was originally filed. *See Dillard's Notice of Filing of Notice of Removal,* **Ex. 5**.

3.3    Dillard's has submitted a copy of all processes, pleadings, and orders to this Court as required by 28 U.S.C. § 1446(a).

## IV.
## Venue

4.1    Venue in this district is proper because the Southern District of Texas, McAllen Division, includes Hidalgo County. Hidalgo County is the county where the alleged incident occurred and where the original lawsuit is pending. *Plaintiff's Original Petition*, at ¶ II.

## V.
## Jurisdictional Basis for Removal

5.1    Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5.2    First, complete diversity of citizenship exists between the parties. Plaintiff represents that he is a Texas resident. *Plaintiff's Original Petition*, at ¶ 2.00, **Ex. 1**. Dillard's is the only named Defendant in this lawsuit. *See id.*, at ¶ III. Mr. Foley concedes that Dillard's is a "foreign" entity. *See id.* Dillard's ownership traces back to Dillard Store Services, Inc., an Arizona corporation with its principal place of business in Arizona. Dillard's is therefore deemed a citizen of Arizona for

diversity purposes. *See* 28 U.S.C. § 1332(c). For these reasons, complete diversity exists, and removal is appropriate on this ground.

5.3 Second, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In determining whether the amount in controversy has been met, the general rule is that the sum claimed by the plaintiff(s) controls if the claim is apparently made in good faith. *Okeke v. Auto. Fin. Corp.*, 2016 U.S. Dist. LEXIS 196918, *16, 2016 WL 11582509 (W.D. Dist. Tex. Feb. 3, 2016) (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). The Fifth Circuit has held that, in determining whether an amount exceeds the amount-in-controversy, a party must stipulate that they would not seek ***or accept*** an award over the amount in controversy requirement. *Ditcharo v. UPS*, 376 Fed. Appx. 432, 437 (5th Cir. 2010) (emphasis added). Merely stating that the plaintiff seeks damages under $75,000.00 is not enough. *See List v. PlazAmericas Mall Tex. LLC*, 2019 U.S. Dist. LEXIS 19602, *7-8 (S.D. Tex. Feb. 7, 2019). Here, Plaintiff's Original Petition was not clear on its face that Plaintiff did not seek, nor would it accept an amount over $75,000. *Plaintiff's Original Petition*, at ¶ 9, **Ex. 1**. In Plaintiff's response to Defendant's First Request for Admission, when asked to admit whether he would not seek or accept an amount over $75,000, Plaintiff equivocated and stated he would not up until May 7, 2021. *Plaintiff's Responses to Defendant's First Requests for Admissions*, **Ex. 6**. As such, the amount in controversy requirement for removal is ambiguous and is thus reasonably removable.

## VI.
## Jury Demand

6.1 Dillard's made a jury demand in the State Court Action and paid the required fee. Upon removal, Dillard's continues to assert its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant, DILLARD TEXAS SOUTH, LLC—incorrectly named as Dillard's Inc., prays that this Notice of Removal be deemed sufficient and that the proceedings attached hereto be removed from the 139th District Court of Hidalgo County, Texas to the docket of this Honorable Court.

Respectfully submitted,

By: _/s/ Robert A. Valadez w/permission_
ROBERT A. VALADEZ
State Bar No. 20421845
rvaladez@shelton-valadez.com

**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205-1860
T: (210) 349-0515
F: (210) 349-3666
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded in accordance with the Federal Rules of Civil Procedure on the <u>2nd</u> day of June, 2021, to:

*VIA E-MAIL AND E-SERVICE*
Michael J. Cisneros
THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
T: (956) 682-1883
F: (956) 682-0132
email@cisneroslawfirm.com

_/s/ Robert A. Valadez w/permission_
ROBERT A. VALADEZ